# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/20/2022 02:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 S Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:      (310) 860 0770
Facsimile Number:      (310) 860 0771

Attorneys for Plaintiff,
Carolyn Petersen

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| CAROLYN PETERSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>Delta Air Lines, Inc., Jesse Rhodes, and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.:      22STCV02377<br><br>**PLAINTIFF CAROLYN PETERSEN'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(2) HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>**(3) RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION IN VIOLATION OF FEHA;**<br><br>**(5) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**<br><br>**(6) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**<br><br>**(7) WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);** |

**(8)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

**Page**

SUMMARY ............................................................................................................ 1

PARTIES .............................................................................................................. 1

VENUE ................................................................................................................ 3

FACTS COMMON TO ALL CAUSES OF ACTION .......................................... 4

FIRST CAUSE OF ACTION ............................................................................... 7

    Discrimination on the Basis of Age  (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ............................. 7

SECOND CAUSE OF ACTION ........................................................................... 8

    Hostile Work Environment Harassment on the Basis of Age (Violation of Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ................................................................................................. 8

THIRD CAUSE OF ACTION ............................................................................. 10

    Retaliation for Engaging in Protected Activity  (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ............................................................................................................ 10

FOURTH CAUSE OF ACTION ......................................................................... 11

    Failure to Prevent Discrimination, Harassment, or Retaliation (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ......................................................................................... 11

FIFTH CAUSE OF ACTION ............................................................................. 12

    Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against Entity Defendant; and Does 1 to 100, Inclusive ......... 12

SIXTH CAUSE OF ACTION ............................................................................. 13

    Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against Entity Defendant; and Does 1 to 100, Inclusive ............................................................................ 13

SEVENTH CAUSE OF ACTION ....................................................................... 14

    Whistleblower Retaliation (Violation of Labor Code § 1102.5, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ...................................... 14

EIGHTH CAUSE OF ACTION .......................................................................... 15

    Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ................................. 15

PRAYER ............................................................................................................... 16

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Carolyn Petersen, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Carolyn Petersen ("plaintiff" or "Petersen"), whose employment with defendant Delta Air Lines, Inc. ("Entity Defendant" or "Delta") was wrongfully terminated.  Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

## PARTIES

1.  *Plaintiff:* Plaintiff Petersen is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2.  *Defendants:* Entity Defendant is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendants' place of business, where the following causes of action took place, was and is in the County of Los Angeles, at Los Angeles International Airport ("LAX"), at 1 World Way, Los Angeles, California 90045. Defendant Jesse Rhodes ("defendant" or "Rhodes") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Rhodes is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3.  *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning

as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5.   Entity Defendant both directly and indirectly employed plaintiff Petersen, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.   In addition, Entity Defendant compelled, coerced, aided, and abetted the

1    discrimination, which is prohibited under California Government Code section 12940(i).

2        7.  Finally, at all relevant times mentioned herein, all defendants acted as agents of

3    all other defendants in committing the acts alleged herein.

4

5                                    **VENUE**

6        8.  The actions at issue in this case occurred in the State of California, in the County

7    of Los Angeles.  Under the California Fair Employment and Housing Act, this case can

8    alternatively, at Plaintiff's choice, be filed:

9            [I]n any county in the state in which the unlawful practice is alleged
             to have been committed, in the county in which the records relevant
10           to the practice are maintained . . . or in the county in which the
             aggrieved person would have worked or would have had access to the
11           public accommodation but for the alleged unlawful practice, but if the
             defendant is not found within any of these counties, an action may be
12           brought within the county of the defendant's residence or principal
             office . . .

13   (California Government Code § 12965(b).)

14       9.  Here, the plaintiff worked primarily in California in the County of Los Angeles.

15   The location where plaintiff worked, when she was not flying, was LAX, which is in Los

16   Angeles, California. The majority of the unlawful actions on the part of the defendants

17   occurred at said Los Angeles location.

18       10.  "[I]n the absence of an affirmative showing to the contrary, the presumption is

19   that the county in which the title of the actions shows that the case is brought is, prima

20   facie, the proper county for the commencement and trial of the action." (*Mission Imports,*

21   *Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section

22   12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA.

23   (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the

24   FEHA venue statute control in cases involving FEHA claims joined with non-FEHA

25   claims arising from the same facts." (*Id*. at 487.)

26   ///

27   ///

28

                                       -3-

## FACTS COMMON TO ALL CAUSES OF ACTION

11. *Plaintiff's hiring:* Carolyn Petersen ("Petersen"), a 60-year-old woman, began working for Entity Defendant in or around April of 1990 as a Flight Attendant.

12. *Plaintiff's job performance:* Throughout her employment, Petersen performed her job duties in an exemplary manner and did not receive negative performance reviews or write-ups.

13. *Plaintiff's protected status and activity:*

    a.  Plaintiff is over 40 years old; and

    b.  Plaintiff made protected complaints and engaged in other protected activity while employed with Entity Defendant.

14. *Defendants' adverse employment actions and behavior:*

    a.  On or around July 31, 2020, Petersen was on a layover during a trip to Sydney, Australia. Upon arrival, the personnel from the hotel where Delta employees were staying during the trip informed her that the 29th floor was solely dedicated to Delta employees. They also informed her that, due to the COVID-19 pandemic, hotel guests were prohibited from going in and out of the hotel but were permitted to congregate in each other's rooms. During this layover, Petersen and her co-workers decided to have a gathering in another Flight Attendant, David Sadia's ("Sadia"), hotel room, which was a normal practice among crew members during layovers, even during the COVID-19 pandemic. Petersen bought an Australian beer from the hotel mini bar to take and share with her co-workers at the gathering.

    b.  Shortly after this trip, in or around early August of 2020, Petersen heard rumors that employees were being accused of stealing alcohol and cups from the airplane during the Sydney trip and that management was going to conduct an investigation into the matter. On or around August 9, 2020, Field Service Manager Jesse Rhodes ("Rhodes") and LAX General Base Manager, Andrea Misserian ("Misserian"), called Petersen to discuss what occurred during the Sydney trip. During the call, Rhodes stated, "This is a fact-finding mission." and asked Petersen whether she or any of her coworkers removed

any items from the plane. Petersen responded that she bought her own alcohol, which she later provided a receipt for.

      c.  On or around August 20, 2020, on Petersen's day off, Petersen was asked to appear in-person for another interview regarding the July 31 gathering. Petersen agreed and went to a meeting with Misserian and Inflight Manager, Claire Storer ("Storer"), and was again asked whether employees took items off the airplane. Misserian and Storer also accused Petersen of taking "crew juice" (i.e., everything left on the aircraft poured into one bottle) off the airplane and stated that a younger crew member, Jonas Doe ("Jonas") had accused her of doing so. However, Petersen explained that it was actually Jonas who took the bottle off the aircraft.

      d.  Shortly thereafter, in or around early September of 2020, Petersen had an emergency landing during a flight to Mexico City, Mexico. Shortly after this emergency landing, Rhodes pulled Petersen aside and continued questioning her about the July 31 incident. Petersen was flustered by this, as she was still recovering from her first ever emergency landing. Further, Rhodes was interrogating Petersen in front of other crew members who were not involved in the July 31 trip. Petersen told Rhodes that she had already told him everything in her previous statement. However, Rhodes refused to acknowledge this and forced Petersen to quickly jot down a written statement regarding what happened. Before having to report back on her flight, Petersen quickly wrote down a statement explaining that she had bought her own alcohol and the cups shown in the photos from that day were taken off the airplane so the employees would not have to drink out of the hotel cups due to the COVID-19 pandemic.

15.  *Defendants' actual and constructive termination of plaintiff's employment:* Shortly after this encounter, Petersen told Misserian that she felt she was being subjected to a hostile work environment and felt very uncomfortable with how the situation was being handled. However, despite Petersen reporting detailed complaints about how she was being treated, she was merely told that she did not have enough evidence to pursue a claim and no further action was taken. Thus, nothing was done to improve her working

conditions and the harassment continued. Ultimately, on or around September 16, 2020, shortly after she made these complaints, Petersen was suspended without pay. Several of the younger Flight Attendants who were also present during the July 31 incident and took items off the airplane were not suspended, while Petersen and other employees over 40-years-old were. On or around October 29, 2020, during a meeting with Misserian, West Coast Director Brian Bordeau ("Bordeau"), and LAX Base Manager Kevin Saechao ("Saechao"), Petersen was told that she was terminated for being in the hotel room with six or more people and breaking quarantine. Around this time, HR General Manager, Tracy Gallegos ("Gallegos") also told Petersen that it would be best for her to retire. Petersen felt she had no choice but to constructively terminate her employment, as she continued to be subjected to unfair treatment due to her age and feared further discrimination, harassment, and retaliation.

16. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

17. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

   a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her age and/or good faith complaints, and/or (b) defendants'

conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her age and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

19. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION
## Discrimination on the Basis of Age
## (Violation of Government Code § 12900, *et seq.*)
### Against Entity Defendant; and Does 1 to 100, Inclusive

21. The allegations set forth in preceding paragraphs are re-alleged and incorporated

herein by reference.

22.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from discriminating against any employee because but not limited to he or she is more than 40 years old.

23.   Plaintiff's age and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

24.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

25.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

26.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

27.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants

## SECOND CAUSE OF ACTION

### Hostile Work Environment Harassment on the Basis of Age

### (Violation of Government Code § 12900, *et seq.*)

### Against All Defendants; and Does 1 to 100, Inclusive

28.   The allegations set forth in preceding paragraphs are re-alleged and incorporated

herein by reference.

29.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she is more than 40 years old.

30.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's age and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

31.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

32.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

33.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

35.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

///

///

///

### THIRD CAUSE OF ACTION

### <u>Retaliation for Engaging in Protected Activity</u>

### <u>(Violation of Government Code § 12900, *et seq.*)</u>

### Against Entity Defendant; and Does 1 to 100, Inclusive

36.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

38.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

39.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

41.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

42.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, or Retaliation

### (Violation of Government Code § 12900, *et seq.*)

### Against Entity Defendant; and Does 1 to 100, Inclusive

43.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

45.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's age and/or or because plaintiff had engaged in protected activity.

46.   Plaintiff believes that she was subjected to discrimination, harassment and retaliation because of her age and/or protected activity.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

48. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**FIFTH CAUSE OF ACTION**

**<u>Negligent Hiring, Supervision, and Retention</u>**

**<u>(*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)</u>**

**Against Entity Defendant; and Does 1 to 100, Inclusive**

51.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

53.   Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

///
///
///
///

## SIXTH CAUSE OF ACTION

### **Wrongful Termination of Employment in Violation of Public Policy**

### (*Tameny v. Atlantic Richfield Co.* **(1980) 27 Cal.3d 167)**

### **Against Entity Defendant; and Does 1 to 100, Inclusive**

54.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

55.  Defendants actually and constructively terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status (*i.e.,* age and/or protected activity). These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

56.  As a proximate result of defendants' wrongful actual and constructive termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

57.  As a result of defendants' actual and constructive wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

58.  Defendants' wrongful actual and constructive termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

59.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

///

///

///

## SEVENTH CAUSE OF ACTION

### Whistleblower Retaliation

### (Violation of Labor Code § 1102.5, *et seq.*)

### Against Entity Defendant; and Does 1 to 100, Inclusive

60.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

61.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct. The statute also further prohibits defendants from retaliating against any employee, including plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

62.   Plaintiff raised complaints of actual and/or potential illegality, including but not limited to complaints about violations of the FEHA, California Constitution, and Government Code Section 12900 *et seq*. while she worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

63.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

64.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

65.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

66.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**EIGHTH CAUSE OF ACTION**

**<u>Intentional Infliction of Emotional Distress</u>**

**(<u>*Hughes v. Pair* (2009) 46 Cal.4th 1035</u>)**

**Against All Defendants; and Does 1 to 100, Inclusive**

67.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

69.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

70.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

71.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

# PRAYER

WHEREFORE, plaintiff, Carolyn Petersen, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief:

7. For such other and further relief as the Court may deem just and proper;


ADDITIONALLY, plaintiff, Carolyn Petersen, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: January 20, 2022                    SHEGERIAN & ASSOCIATES, INC.


                                           By: _____
                                               Mahru Madjidi, Esq.

                                               Attorneys for Plaintiff,
                                               CAROLYN PETERSEN